IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILLIAM J. CULHANE, JR., | ) |
| Plaintiff, | ) 8:10CV3130 |
| v. | ) |
| | ) MEMORANDUM AND ORDER |
| WELLS' DAIRY, INC., | ) |
| Defendant. | ) |

This matter is before the court on the plaintiff's motion for attorney fees, Filing No. 37. This is an action for health insurance benefits under ERISA, 29 U.S.C. § 1001 *et seq*. The plaintiff recovered a judgment against defendant Wells' Dairy, Inc. for benefits under Wells' Dairy's "Blue Bunny Salaried Exempt and Non-Exempt Employees Medical and Prescription Drug Coverage Plan" in the amount of $10,315.10, plus prejudgment interest and attorney fees. Filing No. 34 and Filing No. 35.

Under ERISA, a court is authorized, in its discretion, to award a reasonable attorney fee and costs to either party. 29 U.S.C. § 1132 (g)(1). In exercising its discretion, the court should consider: (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorney fees; (3) whether an award of attorney fees against the opposing parties could deter other persons acting under similar circumstances; (4) whether the parties requesting attorney fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions. *Lawrence v. Westerhaus,* 749 F.2d 494, 496 (8th Cir. 1984); *Martin v. Arkansas Blue Cross and Blue*

*Shield*, 299 F.3d 966, 972 (8th Cir. 2002) (en banc) (noting that the five factors set forth in *Westerhaus* are by no means exclusive or to be mechanically applied).

In making this determination, a district court abuses its discretion when there is a lack of factual support for its decision, or when it fails to follow applicable law. *Martin*, 299 F.3d at 969. "ERISA's purpose is remedial, it was enacted to protect, among other things, 'the interests of participants in employee benefit plans and their beneficiaries.'" *Id*. at 973 (quoting 29 U.S.C. § 1001(b)). A good faith denial of benefits due to a fair disagreement over the extent to which a prospective procedure is covered by a plan does not necessarily entitle a prevailing plaintiff to fees. *Id*. (noting that a plan's full cooperation by "expediting the exhaustion of plan administrative remedies, by presenting a stipulated record to the district court, by agreeing to a simultaneous briefing schedule, and finally, by not appealing the district court's adverse ruling" that resulted in the plaintiff's obtaining a lung transplant within six months after her case was first filed mitigated against a fee award, thus "encouraging a plan to act expeditiously and appropriately once benefits have been ordered").

The court finds the *Westerhaus* factors weigh in favor of an award of fees. The court found defendant's interpretation of the Plan's terms was not reasonable and the denial decision was not supported by substantial evidence. Moreover, the record shows the defendant's conduct resulted in considerable delay and the claim was not addressed expeditiously. The defendant's actions are not akin to a "good-faith denial."

Culhane seeks fees in the amount of $15,291.50. That amount represents .5 hours at a rate of $235.00 per hour for Thomas J. Culhane and 57.10 hours at an average of $207.66 per hour for Richard J. Gilloon. The plaintiff also seeks fees for 52.90 hours for

research and drafting completed by law clerks at a rate of $60.00 per hour, and 1.5 hours for work completed by a paralegal at a rate of $95.00 per hour.  The plaintiff has shown that the attorney fees incurred by the plaintiff were necessary and reasonable fees in consideration of the complex nature of the litigation, the time and labor required to successfully pursue the action, the novelty and difficulty of the questions raised, and the skill required to properly conduct the case.  Further, based on its familiarity with the legal community in Omaha, the court finds counsel's hourly rates are reasonable.  The court also finds that the time and labor expended on the litigation are reasonable for a case of this nature.

Wells' Dairy contends that the court should disallow fees sought for work performed in connection with Culhane's later-dismissed claim against Principal Life Insurance Company.  The court first finds that the filing of a claim against Principal, the third-party claims administrator, was not unreasonable in the context of the case.  The court finds that the claim against Principal was intricately connected to the claim at issue and the plaintiff's actions in connection with that claim were appropriate under the circumstances.  *See, e.g.,* [Griffin v. Jim Jamison, Inc., 188 F.3d 996, 997 (8th Cir. 1999)](approving award of fees in similar circumstances).  Wells' Dairy has not shown that the fees sought in connection with the claim are excessive.  The court will not reduce the fee award for work performed in connection with that claim.  Accordingly,

IT IS ORDERED:

1. Plaintiff's motion for attorney fees (Filing No. 37) is granted.

2. Plaintiff is awarded attorney fees in the amount of $15,291.50.

3. A judgment will be entered in accordance with this Memorandum and Order this date.

DATED this 18th day of October. 2011.

            BY THE COURT:


            s/ Joseph F. Bataillon
            Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.